IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HAROLD J. BARKLEY, JR.                                                              APPELLANT

V.                                                         CIVIL ACTION NO. 3:17-CV-00104-NBB

GEORGE A. SPEIR                                                                       APPELLEE

ORDER

This cause comes before the court as an appeal taken by Harold J. Barkley, Jr., Trustee below, from the May 10, 2017 order of the United States Bankruptcy Court for the Northern District of Mississippi. Upon due consideration of the briefs, exhibits, and applicable authority, the court finds as follows:

The court has jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). District courts review a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Vallecito Gas, L.L.C.*, F.3d 929, 933 (5th Cir. 2014).

This appeal stems from the bankruptcy court's entry of an "Order Overruling Objection to Confirmation" ruling that the Trustee is not entitled to compensation on direct payments made by the Debtor, Appellee George A. Speir. Appellant Barkley first contends that the bankruptcy court committed clear error when it ruled on an objection that had been previously withdrawn and, therefore, was no longer before the court.

Speir filed a Chapter 12 bankruptcy petition on June 8, 2016, and his Chapter 12 Plan of Reorganization on October 17, 2016. Barkley filed a single objection to Speir's Chapter 12 Plan on October 18, 2016. That objection, however, was later withdrawn by an Agreed Order docketed on February 15, 2017. No other objection was filed.

Barkley further asserts that the Bankruptcy Court erred by failing to address his argument that Speir should not be allowed to make direct payments to secured creditors on altered or impaired claims and in incorrectly finding that he had agreed to allow such payments. An examination of the record confirms Barkley's assertion.

On March 9, 2017, Barkley, Speir and State Bank and Trust, a creditor below, entered into an agreed order in which Barkley and Speir reserved "for hearing on Plan confirmation, the issue of whether the payments to State Bank are to be made 'inside' . . . or 'outside' the Plan." The confirmation hearing was held on March 22, 2017, at which time the debtor's counsel unequivocally declared "we do not have such an agreement" as to allowing payments "outside the plan." Moreover, Barkley's counsel repeatedly cited authority and argued that direct payments should not be permitted on impaired or altered claims.

Despite the clear lack of an agreement on this issue, in its order, the bankruptcy court found "[h]ere, the Debtor, the Trustee, and the secured creditors have all agreed that direct payments on impaired secured claims should be allowed in this case." The bankruptcy court additionally noted that "debtors do not have an absolute right to make direct payments," and identified the factors that courts consider in determining whether such payments should be allowed. In its conclusion, however, the bankruptcy court found that it "need not establish a specific test or decide this issue today as the parties have agreed that direct payments are appropriate in this case."

Based on the foregoing discussion, the court finds that the bankruptcy court committed clear error by both ruling on an objection that had been previously withdrawn and in finding that the parties had agreed to allow direct payments on impaired or altered claims when the record clearly demonstrates that no such agreement had been reached.

Accordingly, the court finds that the decision of the bankruptcy court should be **REVERSED,** and that this case is hereby **REMANDED** back to the Bankruptcy Court for the Northern District of Mississippi for determination of whether the debtor should be permitted to make direct payments to secured creditors on altered or impaired claims.

**SO ORDERED AND ADJUDGED** this, the 5th day of February, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**